**LARIMER, Plaintiff-Appellant, v. LOWREY, Defendant-Appellees.**

Ohio Appeals, Second District, Montgomery County

No. 1782.    Decided January 19, 1944.

148

Iddings, Jeffrey & Weisman, Dayton, for plaintiff-appellant.

George F. Holland, Dayton, for defendant-appellee.

## OPINION

By BARNES, P. J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

On May 22, 1942, plaintiff filed her petition in the Common Pleas Court, seeking to set aside the last will and testament of Margaret Lowrey. Parties of defendant were duly served with service of summons and issue was joined. The case was assigned for hearing on January 28, 1943 and on that date jury was duly impaneled. The taking of evidence and other procedural steps took until January 29, 1943 at which time verdict was returned setting aside the will. Within three days, defendants filed motion for judgment non obstante veredicto and in the alternative, motion for new trial. After hearing, the trial court sustained the motion for judgment notwithstanding the verdict and entered final judgment sustaining the will. Costs were adjudged against the plaintiff. Within due time plaintiff filed notice of appeal on questions of law. Bill of exceptions was not prepared and filed.

Appellant sets out three separately stated and numbered assignments of errors. In substance the sole and only question raised is whether or not the trial court had the legal right to set the verdict aside and enter final judgment. Since there was no Bill of Exceptions it necessarily follows that the

judgment must be sustained unless we should hold that the trial court does not have the right under the law to set a verdict aside and enter a final judgment in a will contest case. Counsel for appellant base their argument primarily on Chapter 8 of the Page's Ohio General Code and including in the Chapter, §12079 to 12087 inclusive and all of which relate to contest of wills. The various sections within the above chapter prescribe certain procedural steps and it is the contention of counsel for appellant that other civil procedure prescribed under general law is not applicable, particularly as it bears on the question of the trial court's right to enter judgment non obstante veredicto. Special reference is made to §12082 which reads as follows:

"An issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which shall be tried by a jury. The verdict shall be conclusive, unless a new trial be granted, or the judgment is reversed or vacated."

In counsel's brief it is frequently stated that under the provisions of the above quoted section the most that a trial court could do would be to grant a new trial. We have difficulty in following counsel's reasoning under the language of the above section. In the last paragraph it is said the verdict shall be conclusive, unless a new trial be granted, or "the judgment is reversed or vacated." (Emphasis ours.)

We will now make brief reference to the cases cited by counsel for appellant. The case of **Dew v Reid, 52 Oh St, 519,** citing the first syllabus, holds that while the remedy for contest of will is by civil action, the general rules of pleading and procedure under the code when inconsistent with special statutory provisions relating to such contests are inapplicable and the action must be conducted in conformity with such special provisions. We have no difficulty in agreeing with this pronouncement. The next case cited is that of **Holt v Lamb, 17 Oh St 374.** In substance this case provides that a proceeding to contest a will binds only the parties to such action and does not affect anyone not a party. The brief quotes from page 385 of the opinion and it is argued that the language there used is applicable to the instant case.

Of course, the question involved is entirely dissimilar and when read in connection with the issue raised in the Holt case supra, we have no difficulty in following it but are unable to conclude that it has any application to the instant case.

The next case cited is **Walker v Walker, 14 Oh St 157** and again quotation is made from page 176 of the opinion. This case involves a so-called joint will but there were many infirmities thereto which denied the right to be accepted as such. An answer was filed which set out numerous detailed facts but nevertheless raised the issue as to whether or not the paper instrument was the last will and testament of the decedent. The trial court sustained a demurrer to the answer and entered final judgment thereon. The Supreme Court held that this was erroneous procedure since the matter must be heard by a jury under proper instructions. We have no difficulty following this case but we do not think it reaches the situation in the instant case.

The next case cited is that of **Wagner v Ziegler, 44 Oh St, 59.** This was a will contest case and the claimed error was the action of the trial court in directing a verdict sustaining the will at the conclusion of plaintiff's testimony. The reason presented as supporting the claimed error is identical with the argument in the instant case as it appears in the court's opinion at page 67. The premise is stated as follows:

"It is urged that, in passing upon the sufficiency of the evidence and directing the jury to bring in a verdict sustaining the will, the court exceeded its power, and the plaintiffs were thereby deprived of their statutory right to a trial by jury."

In the last paragraph on page 67, Judge Spear points out the procedural steps prescribed under the special statutes pertaining to will contest and then says on page 69,

"In other respects the trial is to be conducted as other jury trials are conducted; and it is the duty of the court in that case, as in other cases, to give proper instructions to the jury. And it may well be treated, not as having effect to enlarge the rights of the parties during trial, but as furnishing a rule of procedure only."

The trial court was sustained.

The next case cited is that of **Clark, et al v McFarland, et al., 99 Oh St, 101.** This is a will contest case and the question submitted was whether or not the trial court was right in directing a verdict at the close of the evidence of the contestants. We think it clearly appears from reading the opinion in this case that the court had no doubt as to the le-

gal right to direct a verdict but hold that the trial court was in error in determining that there was no evidence authorizing the case to go to the jury. It was pointed out that the statute provides that the introduction of the will and its probate in evidence makes out a prima facie case and thereafter it is the duty of the contestants not only to support their grounds of contest but to overcome the prima facie case. At page 105 there is quoted with approval the decision from the court in the case of Wagner v Ziegler, supra,

"What the court did in Wagner v Zeigler was to hold that the trial judge might do in a will contest case precisely what he could in the ordinary civil action."

We are next referred to the case of **Perrine v Perrine, 18 Oh Ap, 467.** This was a will contest case; the same was assigned for hearing and at the time set, counsel for plaintiff asked for continuance on the ground that his client was ill and not able to appear in court. The application for postponement was not supported by an affidavit or certificate of physician. The court refused to continue the case and thereafter dismissed same for failure to prosecute. The court of appeals determined that the trial court was without power to dismiss a will contest case after the issues had been made up. 19 L. R. A. (ns) 121. The principles announced in cited cases were based on a visualized danger of consent judgments whereas the statute prescribes the methods of trial and determination. The last case cited is that of **McVeigh v Fetterman, 95 Oh St, 292.** In this case the Supreme Court determined that a party served with process by publication could not have the five years prescribed in general law for opening up, the provisions of the will contest sections providing that contests must be brought within one year after the probate with savings clauses to minors, etc. It was the reasoning of the court that a party should not have an extension of time for renewing the action for contest when there was a specific limitation as to the time within which the contest might be brought.

Counsel for appellee cite and make excerpts from the following Ohio cases: The first case cited is that of **Miller v Star Co., 57 Oh Ap, 485.** This was a decision of our court but we are unable to see that it has any application to the claimed errors involved in the instant case. The action in the cited case was only in tort and therein we held that "the same rule that applied to directed verdict should apply". The next case cited is that of **Chenoweth v Cary, Administrator, 17 O. O., 76.** Again this was a decision by our court. In this case Judge

Geiger rendered the opinion and had occasion to make similar comment as in the Miller case, supra. This was an action in a will contest case. Sec. 11601 GC, which is a general procedural section providing for judgment non obstante veredicto. We are unable to see that this case is directly in point. The next case referred to is that of Westfall v Notman, 53 Oh Ap, 314. This case, while not directly in point, still may be considered favorable by analogy.

The next and last case is that of Wagner v Zeigler, 44 Oh St, 69, which has already been commented upon.

After considering all cases cited and giving the question careful thought, we have arrived at the view that under the law the trial court in a will contest case does have the right to enter judgment sustaining the will notwithstanding the verdict of the jury. We arrive at this conclusion on the basis that, while Chapter 8 relating to will contest cases is controlling in all matters specified or necessarily inferred in the sections, the general provisions of the civil code can be invoked when not contrary to any of the specific sections in Chapter 8. That the section of the code which authorizes the trial court to set aside verdicts and enter judgment non obstante veredicto is in no sense violative of any of the sections contained in Chapter 8.

Judgment of the trial court will be affirmed. Costs in this court will be adjudged against the appellant.

Cause remanded for collection of costs and any further procedure required under the law.

HORNBECK and GEIGER, JJ., concur.